**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1353
_____

SATHEESKANNAN SENTHINATHAN,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
                                        Respondent
_____

On Appeal from the United States Board of Immigration Appeals
(A079-784-809)
Board of Immigration Appeals Judge: Hon. Roger Pauley
_____

Submitted under Third Circuit LAR 34.1(a)
February 12, 2013

Before: HARDIMAN and ALDISERT, <u>Circuit Judges</u>, and STARK,[*] <u>District Judge</u>.

(Filed: February 28, 2013)

_____

OPINION OF THE COURT
_____

STARK, <u>District Judge</u>.

---

[*]Honorable Leonard P. Stark, Judge of the United States District Court for the District of Delaware, sitting by designation.

Satheeskannan Senthinathan ("Petitioner") petitions for review of an order from the Board of Immigration Appeals ("BIA"), which affirmed the Immigration Judge's ("IJ") decision denying Petitioner's motion to reconsider or reopen a final order of removal. For the reasons that follow, we will deny the petition for review.

I

As we write primarily for the parties, who are familiar with the record, we limit our discussion of the background to only what is necessary for our resolution of the issues on appeal.

Petitioner is a native and citizen of Sri Lanka. His ethnicity is Tamil. Petitioner contends that in Sri Lanka he was repeatedly arrested, beaten, and tortured by the Sri Lankan Army, who believed Petitioner to be a member of the Liberation Tigers of Tamil Eelam ("LTTE").[1] In January 2001, Petitioner left Sri Lanka. On October 28, 2001, Petitioner attempted to enter the United States in San Ysidro, California using false identification. Petitioner was denied admission and detained.

On November 5, 2001, the government initiated removal proceedings at the Immigration Court in San Diego. Petitioner conceded his removability but sought relief in the form of asylum, withholding of removal, and relief under the Convention Against Torture. On August 8, 2003, the San Diego Immigration Court denied Petitioner's request for relief and ordered him removed to Sri Lanka. The BIA affirmed on January 2, 2004.

On January 18, 2007, the BIA *sua sponte* vacated its January 2, 2004 decision and remanded the case back to the San Diego Immigration Court. On April 2, 2007,

_____

[1]The U.S. Department of State has designated the LTTE as a terrorist organization pursuant to 8 U.S.C. § 1189.

2

Petitioner filed a motion to change venue from San Diego to Philadelphia, which was granted on May 2, 2007.

On September 9, 2008, a Philadelphia Immigration Court Judge found that Petitioner was statutorily ineligible for asylum because he provided "material support" to a designated terrorist organization, the LTTE. Petitioner did not appeal this finding to the BIA. Instead, on October 8, 2008, Petitioner filed a motion with the Immigration Court, asking the IJ for reconsideration and/or to reopen. On January 7, 2009, the IJ denied the motion. On January 13, 2012, the BIA affirmed the IJ's decision. Petitioner timely filed this petition for review.

## II

We have jurisdiction pursuant to 8 U.S.C. § 1252. Where the BIA expressly adopts the IJ's decision, as is the case here, we review the decisions of both the IJ and the BIA. See Shehu v. Att'y Gen., 482 F.3d 652, 657 (3d Cir. 2007).

Petitioner appeals the denial of his motion to reopen and his motion to reconsider. A motion to reopen is based on factual grounds and seeks to present new facts or evidence that may entitle the alien to relief from deportation. See 8 C.F.R. § 1003.23(b)(3). A motion to reconsider is based on legal grounds and challenges allegedly erroneous determinations of law and fact. See 8 C.F.R. § 1003.23(b)(2). We review a denial of a motion to reopen or a motion to reconsider for abuse of discretion. See INS v. Doherty, 502 U.S. 314, 323-24 (1992); Filja v. Gonzales, 447 F.3d 241, 251 (3d Cir. 2006). The BIA's denial of such motions is entitled to broad deference and generally will not be reversed unless it is "arbitrary, irrational, or contrary to law." Filja, 447 F.3d at 251. We review the BIA's conclusions of law de novo and findings of fact for substantial evidence. Id.

3

Motions that ask to reopen a case *sua sponte* are committed to the discretion of the BIA or the IJ and are not subject to judicial review unless based on an "incorrect legal premise." See Pllumi v. Att'y Gen., 642 F.3d 155, 160 (3d Cir. 2011).

## III

The government contends that we have no jurisdiction to review the Immigration Court's denial of Petitioner's motion to reopen because that motion sought *sua sponte* relief and the Immigration Court's decision was not based on an "incorrect legal premise." Although the title of Petitioner's motion refers to the IJ's "*sua sponte* authority" (JA88), neither the IJ nor the BIA regarded his motion as seeking *sua sponte* relief. To the contrary, the IJ acknowledged that the "motion meets the time and number limits for motions to reopen" and agreed to consider the motion on the merits. (JA71) We, too, will treat Petitioner's motion as a motion to reopen under 8 C.F.R. § 1003.23(b)(3).

Having found jurisdiction, we conclude that the IJ's decision to deny Petitioner's motion to reopen is supported by substantial evidence. "A motion to reopen will not be granted unless the Immigration Judge is satisfied that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.23(b)(3); see also Doherty, 502 U.S. at 326. The IJ found that Petitioner failed to meet this standard because much of the evidence Petitioner presented "was previously available or discoverable." (JA71) The remaining evidence – two news articles – was deemed immaterial as it addressed a different asylum case, involving a different alien and a different Court. We find no error in these determinations.

IV

Petitioner contends that several legal and factual errors required his motion for reconsideration to be granted. We disagree, for reasons explained below.

A

Petitioner argues that, as a result of the proceedings in the San Diego Immigration Court, the Philadelphia Immigration Court was collaterally estopped from addressing whether Petitioner provided "material support" to a terrorist organization. Collateral estoppel requires, among other things, that the issue at stake be identical in both proceedings. See Montana v. United States, 440 U.S. 147, 154 (1979). The San Diego Judge found that Petitioner lacked credibility and was therefore ineligible for asylum and withholding of removal. Hence, whether Petitioner, in addition to being ineligible for credibility reasons, was also barred from receiving the requested relief because he provided material support to a terrorist organization was never an "issue at stake" in the San Diego Court.

Moreover, when the BIA *sua sponte* remanded Petitioner's case back to the San Diego Court in 2007, it vacated that Court's August 8, 2003 decision. For this reason as well, the San Diego Court's 2003 decision cannot be the basis of a collateral estoppel claim. See Consolidated Express, Inc. v. N.Y. Shipping Ass'n., Inc., 641 F.2d 90, 93-94 (3d Cir. 1981).

B

Petitioner asserts that the Philadelphia IJ's ruling on the issue of material support violated his right to due process. But that ruling was based on the record produced over the course of proceedings in which Petitioner was represented by an attorney. Petitioner's purported ties to the LTTE were implicated throughout the proceedings,

5

including when the government presented a witness (Agent Schultz) for the purpose of establishing those ties. Petitioner had an opportunity to cross-examine Agent Schultz and to present rebuttal evidence. The record was reopened following remand to the Philadelphia Immigration Court, providing Petitioner with yet another opportunity to supplement the record. Following the close of the proceedings in Philadelphia, the IJ made an individualized determination of Petitioner's interests. Petitioner's right to due process was not violated. See Abdulai v. Ashcroft, 239 F.3d 542, 549 (3d Cir. 2001).

C

Petitioner contends that the factual record does not support a finding that he provided "material support" to a terrorist organization. We will affirm the material support finding because no "evidence compels a contrary conclusion." Ahmed v. Ashcroft, 341 F.3d 214, 216 (3d Cir. 2003). The smugglers expressly instructed Petitioner not to reveal details of his trip or their identities. Petitioner perjured himself to protect this information, recanting his testimony only after the government proved it false. Moreover, the IJ found that "given the totality of the control that LTTE exerts over its territory in Sri Lanka . . . [Petitioner] reasonably should have known of this connection." (JA405) Petitioner's decision to participate in the smuggling scheme caused money to be transferred to a terrorist organization by his family.

D

The BIA's January 18, 2007 order instructed that "a new decision shall be entered which includes a new credibility finding applying Suntharalinkam v. Gonzales, [458 F.3d 1034 (9th Cir. 2006),] and other relevant Ninth Circuit law." (JA978-79) In that order, the BIA remanded the case back to the San Diego Immigration Court. Subsequently, Petitioner successfully moved to transfer venue to Philadelphia. The Philadelphia IJ

6

appropriately applied Third Circuit law, as an IJ is not bound by a decision of a court of appeals in a different circuit.  See Matter of Salazar, 23 I&N Dec. 223, 235 (BIA 2002).

E

Finally, Petitioner contends that the IJ abused his discretion by failing to consider certain factors as part of the asylum analysis.  However, under 8 U.S.C. § 1158(b)(2), an alien is barred from receiving asylum if he has been found to have materially supported terrorism.  Because Petitioner is statutorily barred from receiving asylum, the IJ could not reach the discretionary portion of the asylum analysis.

V

For the reasons stated, we will affirm the BIA's judgment.